## JUAN J. GERARDINO, Plff.,

*v.*

## HOME INSURANCE COMPANY, Dft.

San Juan, Law, No. 1525.

REMOVAL OF CAUSES.

Removal and Remand—Rehearing in Thirty Days.

1. After this court grants an order of remand of a suit originally filed in the Insular court and removed to this court, the party seeking the remand has the right to present a petition for a rehearing within thirty days.

Removal and Remand—Defective Bond Prevents Removal.

2. This court adheres to its former ruling in this case reported in this volume, page 355, and holds that, by reason of the absence of the corporate seal of the defendant corporation seeking the removal, the bond is not in order, and the cause should be remanded.

Opinion filed January 9, 1922.

Gerardino v. Home Ins. Co.

*Messrs. J. A. Poventud* and *A. S. Poventud* for plaintiff.

*Mr. Harry F. Besosa* for defendant.

Petition for Rehearing.

ODLIN, Judge, delivered the following opinion:

This action was originally brought in the Insular court at Ponce, and it was then removed to this court by the defendant, whereupon the plaintiff filed a motion to remand the cause to the Insular court, which motion was argued briefly by the respective counsel, and this court granted the motion to remand in a short order filed on the 17th day of December, 1921, basing its ruling solely upon the ground that the bond filed by the defendant in the Insular court at Ponce did not carry the corporate seal of the Home Insurance Company, although it did carry the corporate seal of the National Surety Company, which corporation duly signed the bond as surety.

After this order of the court, to wit, on the 19th day of December, 1921, counsel for the Home Insurance Company, the defendant herein, presented its petition for a rehearing and the court, after examining said petition for a rehearing, realized the existence of conflicting decisions, or decisions which apparently conflicted, in connection with the point upon which the order of December 17 was based, and thereupon directed a reargument of the entire matter. Such reargument was had by counsel for the plaintiff and for the defendant, both orally and by very carefully prepared briefs. The court has examined a large number of decisions cited by counsel and has reached the following conclusions:

1. Although the learned judge of the Insular district court at Ponce was of the opinion that the removal papers were in

Gerardino v. Home Ins. Co.

proper form, and signed the order transferring the action from his court to this court, nevertheless, it is the duty of this court to remand the case unless this court is convinced that such removal was lawful. In other words, the action of the Insular court is entitled to receive careful consideration by this court, yet it is the duty of this court to decide these difficult matters of removal and remand in accordance with the best precedents of the Federal courts in the United States which this court is able to find.

2. When the Congress of the United States required as one of the conditions for the removal of a suit from a local court to a Federal court that the party seeking a removal should execute a bond, the intention of Congress was that the document serving as a bond should be good either under the common law or under the local law. The bond filed in the present proceeding is neither. No bond is good at common law unless it is sealed by the principal. The fact that the surety alone seals is not enough. The local law in Porto Rico requires that in order to impress corporate acts with authenticity there must be used a seal. Thus it is seen that the bond in the present case is fatally defective and that the cause was improperly removed to the Federal court.

3. It seems to the writer of this opinion pertinent to call attention to another defect in the removal proceedings in this case, which, in my opinion, would be alone sufficient to require a remand. It is undisputed that the plaintiff claimed to own certain property in the city of Ponce, Porto Rico, and that he paid for and obtained an insurance policy from the defendant corporation in the year 1920, and that in the month of June, 1921, a fire occurred, and that the defendant owes the

plaintiff by reason of said policy and said fire a sum exceeding twelve thousand dollars ($12,000). It thus clearly appears that the cause of action arose at the city of Ponce, where the plaintiff resides, and that the suit was properly brought in the Insular court for the district of Ponce. Conceding that the defendant, being a foreign corporation, had a right to remove this action to the Federal court, provided such defendant had given a legal bond, it is quite clear that the trial of this case could be held properly by the Federal court only at Ponce. But the defendant in his attempt to remove this case to the Federal court specifically prayed that it be removed to the Federal court sitting at San Juan. This alone in my judgment would make the removal proceeding fatally defective. It is true that Rule XI. of this court provides that transcripts of the actions removed from Insular courts shall be filed in the office of the clerk of this court, at the place nearest to the court from which said suit was removed; and it is also true that there is at present no deputy clerk of this Federal court at the city of Ponce, although there formerly was one. But Rule XI. merely means that the transcript shall be physically sent to the clerk of this Federal court at San Juan to be filed; it does not mean that the trial shall take place at the city of San Juan. The prayer of the petition specifically asks that the action be removed to the United States district court sitting at San Juan, and I can construe this language as meaning nothing more or less than a request for the trial to be had at San Juan. It is easy to distinguish between the place of trial and the place of the filing of the papers. The former is all important to the plaintiff; the latter is of very little importance to the plaintiff.

Gerardino v. Home Ins. Co.

4. It is proper to say in this connection that this court does not agree with the contention of counsel for the plaintiff in one respect, and inasmuch as counsel for the plaintiff has requested the opinion of the court in regard to that one point, this opinion is to be understood as supporting the motion to remand solely upon the grounds above set forth, and is in no way to be considered as approving the contention of the counsel for the plaintiff that the Home Insurance Company, being a New York corporation, could enter into any lawful stipulation to remove no cases from Insular courts to the Federal court as a condition of doing business in the Island of Porto Rico. This court is of the opinion that while it is lawful for a corporation to enter into an agreement or stipulation not to remove one particular case, it is utterly impossible for such foreign corporation to enter into any binding agreement or stipulation to remove no cases from local courts to the Federal court.

By reason of the absence of the corporate seal of the Home Insurance Company from the bond in question, and also by reason of the improper prayer in the petition for removal that the case be sent to San Juan for trial, the former order of remand is now renewed.

To this ruling counsel for the defendant excepts.